**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-50544
Summary Calendar

EDWARD M. BRATTON,

Plaintiff-Appellant,

VERSUS

UNITED STATES OF AMERICA, Shelia E. Widnall,
Secretary of the United States Air Force,

Defendant-Appellee.

Appeal from the United States District Court
For the Western District of Texas

(4:97-CV-211-A)

May 22, 1998

Before WISDOM, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Edward M. Bratton appeals from the district court's granting of summary judgment in this

Title VII case alleging racial discrimination and reprisal for filing EEOC complaints. He argues that

he was denied an opportunity for adequate discovery before answering the summary judgment

motion, that genuine issues of material fact precluded summary judgment on his Title VII claims,[2]

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2] The defendants argue that Bratton waived his claim for reprisal for failing to raise it properly during the administrative proceedings. We do not need to reach this issue because Bratton's reprisal claim must fail even if it was not waived.

and that the doctrine of collateral estoppel did not apply in his case. We find no reversible error.

Bratton, a black employee of Randolph Air Force Base in Texas, was involved in an altercation with Sgt. Schlidt, a white employee of the base. Bratton admits that he used a knife during this incident. The Air Force investigated and decided to terminate Bratton's employment. Bratton appealed this decision to the Merit Systems Protection Board (MSPB) which reduced the punishment to a 60 day suspension. During the Air Force investigation, Bratton filed an EEOC complaint alleging racial discrimination. After the MSPB decision, Bratton filed two additional EEOC complaints. The EEOC denied the complaints and affirmed the decision of the MSPB.

The Air Force turned the case over to the local U.S. Attorney who prosecuted Bratton for his threats. Bratton was tried and convicted of assault before a magistrate judge. The district court and this Court upheld that conviction on appeal.

Bratton filed the present suit on May 25, 1995. Before the time for discovery passed, the defendants moved for summary judgment. Bratton's original answer to this motion was due before discovery was complete. But, the district court allowed both sides to supplement their responses after the end date for discovery and the court withheld its decision until March 31, 1997, about five months later. Bratton did not attempt to supplement his response with the critical information he asserts to have received in his October 30, 1996 deposition of David Meyer. In these circumstances, we find that the district court did not abuse its discretion in entertaining a motion for summary judgment and requiring responses to that motion before the end of discovery.[3] Bratton received ample time to present his evidence to contradict the motion. He has offered no evidence to show that

---

[3] We review for abuse of discretion the district court's decision to entertain this motion for summary judgment rather than to continue it until after discovery is complete. *Liquid Drill Inc. v. U.S. Turnkey Exploration, Inc*, 48 F.3d 927, 930 (5th Cir. 1995).

a continuance was necessary.

The district court found that Bratton failed to make a *prima facie* case of racial discrimination and reprisal for filing EEOC complaints. We agree. To establish a *prima facie* case of race discrimination under Title VII, the plaintiff must show (1) that he is a member of a protected class, (2) that he suffered adverse treatment, and (3) that similarly situated individuals, not of his protected class, were treated more favorably.[4] Bratton is a member of a protected class who has suffered adverse employment action, but he has not offered evidence about similarly-situated individuals, not of his protected class. Bratton directs the Court's attention to the treatment of Sgt. Schlidt who was involved in the fight with Bratton but not punished. Bratton also discussed a fight between Mr. Guel and Mr. Rios after which both received minor suspensions only. Neither of these incidents is sufficiently similar to the charges against Bratton because none of these individuals were accused of using a dangerous weapon.[5] Bratton also refers to an incident that occurred between Mr. Gann and Mr. Perrington in which Gann was actually cut. This incident is not similar to Bratton's because all parties involved in the Gann-Perrington incident stated under oath that the cut was not the result of intentional misconduct. Bratton has failed to establish a *prima facie* case of racial discrimination.

To establish a *prima facie* case of reprisal, Bratton must show (1) that he was engaged in a statutorily protected activity, (2) that he experienced an adverse employment action contemporaneous to or following the protected activity, and (3) that there was a causal connection between the protected activity and the adverse employment action.[6] Bratton alleges that he was retaliated against

---

[4]     *McDonnell Douglas v. Green*, 411 U.S. 792, 802 (1973).

[5]     *See Green v. Armstrong Rubber Co*, 612 F.2d 967, 968 (5th Cir. 1980).

[6]     *Howlin v. Resolution Trust Co.,* 33 F.3d 498, 507 (5th Cir. 1994).

for filing his EEOC complaints and MSPB appeal. These are protected activities. We find, however, that Bratton has failed to show the required contemporaneous adverse employment activity. Bratton's initial EEOC complaints is in excess of 10 years old. This protected activity is not sufficiently contemporaneous to the present action. Bratton's MSPB appeal is a different matter; it is close in time to his criminal prosecution. We find that Bratton has failed to establish a *prima facie* case, however, because his criminal prosecution was not an adverse employment action.[7]

The judgment of the district court is AFFIRMED.

---

[7] The Tenth Circuit Court of Appeals has held that the institution of criminal charges can be an adverse employment action for Title VII purposes in the case of a malicious prosecution. *Berry v. Stevinson Chevrolet*, 74 F.3d 980, 984 (10th Cir. 1996). This is not the case here. The charges against Bratton resulted in his conviction.